**UNITED STATES of America**

**v.**

**Mutulu SHAKUR, a/k/a "Doc," a/k/a "Jeral Wayne Williams," Sekou Odinga, a/k/a "Nathaniel Burns," a/k/a "Mgabasi," a/k/a "Mugubasi," a/k/a "Eddie Holmes," a/k/a "Lou," Cecil Ferguson, a/k/a "Mo," a/k/a "Chui," Edward Lawrence Joseph, a/k/a "Edward Lawrence," a/k/a "Jamal," a/k/a "Tony," a/k/a "J.R.," William Johnson, a/k/a "Bilal Sunni-Ali," a/k/a "Spirit," Silvia Baraldini, a/k/a "Louise," Susan Rosenberg, a/k/a "Elizabeth," Cheri Dalton, a/k/a "Nahanda," Iliana Robinson, a/k/a "Naomi," Nilse Cobeo, a/k/a "Nilse Lawrence," a/k/a "Ginger," a/k/a "Gigi," a/k/a "Giovanni Correa," and Alan Berkman, Defendants.**

No. SSS 82 Cr. 0312 (KTD).

United States District Court,
S.D. New York.

March 29, 1983.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for the Government; Robert S. Litt, Stacey J. Moritz, Asst. U.S. Attys., New York City, of counsel.

Sekou Odinga, pro se.

Jesse Berman, New York City, for defendant Cecil Ferguson.

William Mogulescu, New York City, for defendant Edward Joseph.

Chokwe Lumumba, Detroit, Mich., Lynn Stewart, New York City, for defendant William Johnson.

Susan Tipograph, New York City, for defendant Silvia Baraldini.

Lawrence Stern, New York City, for defendant Iliana Robinson.

Robert Bloom, New York City, for defendant Alan Berkman.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendants move to dismiss Counts One and Two of the indictment which charge the defendants with violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. In addition, certain defendants move to strike various predicate acts. For the reasons that follow, the motions are denied.

### I.

Both challenged Counts of the indictment charge that the defendants (except Robinson, Cobeo, and Berkman) "constituted an enterprise . . . a group of individuals associated in fact for the purpose of committing and attempting to commit" various crimes including those enumerated in 18 U.S.C. § 1961(1). This enterprise was "engaged in, and its activities affected, interstate and foreign commerce." Count One alleges that the defendants were "employed by and associated with" the enterprise, and that they conspired "to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise" through a specified "pattern of racketeering activity." *See* 18 U.S.C. § 1962(d). Count Two charges that the defendants were "employed by and associated with" the enterprise and that they actually did "conduct and participate, directly and indirectly, in the affairs of that enterprise through a pattern of racketeering activity" which is set forth in detail. *See* 18 U.S.C. § 1962(c). This indictment language closely follows RICO's statutory language.

"An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello*

*v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 409, 100 L.Ed. 397 (1956) (footnote omitted). I have dismissed in a companion decision the defendants' assertion that there was grand jury abuse in this case. Accordingly, the indictment, "valid on its face" requires a "trial of the charge on the merits." As I will show below, the basis for defendants' attack on the indictment amounts to assertions that the government will not be able to prove the indictment's allegations. Obviously, such determinations are to be left until after trial. *See, e.g., United States v. Black,* 291 F.Supp. 262, 264 (S.D.N.Y.1968) ("The validity of the indictment is to be tested by its allegations, not by defense counsel's forecast of the ultimate trial evidence.").

## II.

■ Defendants' first argue that Congress did not intend RICO to encompass the conduct charged. Defendants rightly note that RICO was intended to prevent infiltration of legitimate business by funds derived from racketeering activities. The government must be given the opportunity, however, to prove RICO's applicability to the charged conduct. Wholly illegitimate enterprises, such as the one charged in the indictment can use the money gained from their illegal activities "as a springboard into the sphere of legitimate enterprise." *United States v. Turkette,* 452 U.S. 576, 591, 101 S.Ct. 2524, 2533, 69 L.Ed.2d 246 (1981). Therefore, it is possible that RICO will apply to the instant case. For example, in *United States v. Ivic,* 700 F.2d 51 at 61 n. 6 (2d Cir.1983) the Second Circuit left open the distinct possibility that RICO, although inapplicable to purely political acts of terrorism, might apply when the terrorist acts involved bank robbery.

■ Defendant Baraldini further argues there "isn't a scintilla of evidence that she participated in an enterprise, [nor] has [she ever] been charged with ... the predicate acts which underly her alleged participation in an 'enterprise' ...." Defendants' Memorandum of Law at 5. The short answer is that of course no evidence on Baraldini's culpability need be presented until trial. The fact that she was never charged with any of the predicate acts in the past is irrelevant; proof of the predicate acts also must await trial.

■ Defendants next argue that the conduct charged is not an "enterprise" because the enterprise has no recognized existence other than the commission of the charged predicate acts. "In order to secure a conviction under RICO, the Government must prove both the existence of an 'enterprise' and the connected 'pattern of racketeering activity.'" *Turkette,* 452 U.S. at 583, 101 S.Ct. at 2528. The proof of these elements the *Turkette* Court recognized "may in particular cases coalesce ...." *Id.* Again, the government must be given the opportunity to prove the existence of both the pattern of racketeering activities and the enterprise. This includes proof "of an ongoing organization, formal or informal," *id.,* "with ... a common or shared purpose among the individuals and evidence that they functioned as a continuing unit." *United States v. Mazzei,* 700 F.2d 85 at 89 (2d Cir.1983). Again, "[u]nder the rationale of *Turkette,* then, RICO arguably applies to any organization, legitimate or not, whose activities generate monies which can serve as a 'springboard into the sphere of legitimate enterprise.'" *United States v. Ivic,* 700 F.2d at 63. The instant indictment does not allege political terrorism alone, "unaccompanied by any financial motive ...." *Id.* Accordingly, pre-trial dismissal of the indictment is unwarranted.

■ Finally, defendants argue that the predicate acts constituting a pattern of racketeering activities must be committed with a common scheme. In addition, they assert that there is no evidence that any of the predicate acts ever occurred. The trial is the place for testing these assertions.

## III.

■ Defendant Baraldini also makes several claims apparently only on her own behalf. To the extent that any of the other defendants join in her claims, the following

applies. First, she argues that "there was 'insufficient evidence presented against her before the grand jury . . . .' The only basis by which a grand jury could return an indictment against Ms. Baraldini is through innuendo, hearsay, uncorroborated testimony and constitutionally protected political beliefs and associations." Defendants Memorandum of Law at 23. However, "the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the Grand Jury acted on the basis of inadequate or incompetent evidence . . . ." *United States v. Calandra,* 414 U.S. 338, 344–45, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974) (citations omitted). Defendant does not argue that the indictment is invalid on its face. The indictment alone, therefore, absent any suggestion of grand jury bias or that it was illegally constituted "is enough to call for trial of the charge on the merits." *Costello,* 350 U.S. at 363, 76 S.Ct. at 409.

Baraldini also moves to strike several of the predicate acts. The basis of her claim, except for the predicate act involving kidnapping, is that there is no evidence that she committed the acts, that there was any affect on commerce, or that she ever was charged with any of the crimes. This frivolous claim was discussed earlier: no evidence against Baraldini on the elements of the crimes charged need be divulged before trial. In addition, Baraldini asserts that there was not a sufficient asportation of the people involved in the prison escape predicate act to constitute kidnapping. Speculation or the extent of the asportation at this time is improper. The evidence at trial will either support or negate such a claim.

In sum, now is not the time for the defendants' attack on the ability of the government to prove the RICO offenses or the predicate acts. Accordingly, defendants' motions to dismiss the indictment and to strike certain predicate acts is denied.